IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RB DISTRIBUTION, INC. and DORMAN PRODUCTS, INC., Plaintiffs, | ) | |
| v. | ) | C.A. No. 26-1012-JLH |
| FEDERAL-MOGUL MOTORPARTS LLC, ADVANCED SUSPENSION TECHNOLOGY LLC f/k/a DRIV AUTOMOTIVE INC., and DFMMP LLC f/k/a DRIV INCORPORATED, Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION TO STAY**


*Of Counsel:*

David M. Maiorana
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939

Gregory A. Castanias
Yury Kalish
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
(202) 879-3939

Geoffrey K. Gavin
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
(404) 521-3939

ASHBY & GEDDES
Andrew C. Mayo (#5207)
John G. Day (#2403)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
jday@ashbygeddes.com

*Attorneys for Defendants*


Dated: October 6, 2026

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ..... 1
SUMMARY OF ARGUMENT ..... 1
STATEMENT OF FACTS ..... 2
ARGUMENT ..... 4
I. Each Stay Factor Favors Granting the Stay ..... 4
II. A Stay Is Within This Court's Discretion ..... 10
III. The Stay Should Extend Until Final Resolution of the Pending Reexaminations ..... 12
CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Cooper Notification, Inc. v. Twitter, Inc.*,
C.A. No. 09–865–LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ....................................5

*Cost Bros., Inc. v. Travelers Indem. Co.*,
760 F.2d 58 (3d Cir. 1985)....................................................................................10

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988)..............................................................................10

*Ever Win Int'l Corp. v. RadioShack Corp.*,
902 F. Supp. 2d 503 (D. Del. 2012)....................................................6, 7, 8, 12

*Generac Power Systems Inc. v. Kohler Co.*,
807 F. Supp. 2d 791 (E.D. Wis. 2011)......................................................................8

*Gould v. Control Laser Corp.*,
705 F.2d 1340 (Fed. Cir. 1983)............................................................................ 6-7

*In re Swanson*,
540 F.3d 1368 (Fed. Cir. 2008)..............................................................................11

*MG Freesites, Ltd. v. ScorpCast, LLC*,
C.A. No. 20-1012-MFK, 2022 WL 19409233 (D. Del. Oct. 5, 2022) ................................6

*Nautilus, Inc. v. ICON Health & Fitness, Inc.*,
No. 1:17-cv-00154-DN, 2019 WL 586671 (D. Utah Feb. 13, 2019) ..................................10

*RB Distribution, Inc. v. Skyward Automotive Products*,
No. 2:23-cv-01068, 2024 WL 1533524 (D. Ariz. Apr. 9, 2024) (Ex. 7)..................................9

*SITO Mobile R&D IP, LLC v. World Wrestling Ent'mt, Inc.*,
C.A. No. 21-721-CFC, 2021 WL 7628181 (D. Del. Dec. 20, 2021)......................................2

*Sphere USA, LLC v. The Gillette Co. LLC*,
C.A. No. 23-1093-CFC, D.I. 32 (D. Del. Nov. 6, 2025) (Ex. 6) .................................... passim

*St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc.*,
774 F. Supp. 2d 596 (D. Del. 2011)..........................................................................2

# TABLE OF AUTHORITIES
## (continued)

**Page**

*TC Tech. LLC v. Sprint Corp.*,
C.A. No. 16-153-WCB, 2021 WL 4521045 (D. Del. Oct. 4, 2021) ....................................8, 9

*TTI Consumer Power Tools, Inc. v. Lowe's Home Ctrs. LLC*,
C.A. No. 22-673, 2022 WL 16739812 (D. Del. Nov. 7, 2022) ........................................4, 5, 7

*WAG Acquisition LLC v. Flying Crocodile, Inc.*,
No. 2:19-CV-1278-BJR, 2021 WL 6693829 (W.D. Wash. Dec. 28, 2021) ..............................8

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs, RB Distribution, Inc. and Dorman Products, Inc., (collectively "Plaintiffs" or "Dorman") filed this case in August 2026 (D.I. 1), nearly five months after they first accused Defendants Federal-Mogul Motorparts LLC, Advanced Suspension Technology LLC f/k/a DRIV Automotive Inc. and DFMMP LLC f/k/a DRIV Incorporated (collectively "Defendants" or "Tenneco"[1]) of infringement of U.S. Patent Nos. 11,635,005 (the "'005 Patent"), 11,639,674 (the "'674 Patent"), 11,639,675 (the "'675 Patent"), and 12,234,755 (the "'755 Patent") (collectively the "Asserted Patents"). Ex. 1, March 18, 2026 Letter.

All four Asserted Patents are the subject of *ex parte* reexamination proceedings requested by a third party on October 17, 2025 (the "Pending Reexaminations"). The USPTO ordered the reexamination of the '755 Patent (Control No. 90/015,612) on November 25, 2025, and the reexaminations of the '005, '674 and '675 Patents (Control Nos. 90/015,608, 90/015,609 and 90/015,611, respectively) on January 16, 2026. Ex. 2, at 20-35; Ex. 3, at 21-34; Ex. 4, at 21-34; Ex. 5, at 19-30.

## SUMMARY OF ARGUMENT

Tenneco respectfully moves for a stay until final resolution of the Pending Reexaminations. The case is in the early stages. A stay will allow the USPTO to address the substantial new questions of patentability before the parties and the Court incur the expense and unnecessary burden of litigating claim scope, infringement, and validity in parallel. It will conserve resources and avoid duplicative litigation, particularly because the reexamination outcomes may narrow or eliminate claims asserted in this action.

[1] Defendants are all indirectly owned by Tenneco LLC.

1. Each stay factor favors granting the motion. Previous reexaminations clarified the scope of the key limitations, and the Pending Reexaminations may further narrow or cancel claims or otherwise inform the parties' infringement and invalidity positions. The case remains at its earliest stage: the Court has issued no scheduling order, discovery has not commenced, and no trial date has been set. Any delay is therefore limited and is unlikely to create undue prejudice, while the reexaminations may significantly reduce the issues and burden for both sides.

2. It is within the district court's "discretion," to decide "whether or not to stay litigation," *SITO Mobile R&D IP, LLC v. World Wrestling Ent'mt, Inc*., C.A. No. 21-721-CFC, 2021 WL 7628181, at *1 (D. Del. Dec. 20, 2021), as "part of its inherent power to conserve judicial resources." *St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc.*, 774 F. Supp. 2d 596, 599 (D. Del. 2011). This Court should exercise that discretion to stay this action pending final resolution of the Pending Reexaminations because the same considerations supporting a stay–simplification, early stage, limited prejudice, and reduced litigation burden—are present here.

3. The Court should stay the case until the completion of the Pending Reexaminations including any appeals. A stay tied to the final resolution of the specifically identified Pending Reexaminations has a defined endpoint—the conclusion of those proceedings—rather than an indefinite duration.

## STATEMENT OF FACTS

The Asserted Patents are part of the same patent family and relate to oil filter assemblies, including cast metallic adapters for engine lubrication systems. The '005, '674 and '675 Patents were previously the subject of *ex parte* reexamination proceedings requested by a third party in July and August 2023 (the "Original Reexaminations"), which concluded with confirmation of patentability subject to amendments to certain claims of the '674 and '675 Patents. The '755 Patent did not issue until February 25, 2025, after the Original Reexaminations concluded. During

the Original Reexaminations, the patent owner argued that key limitations–including (1) a single, unitary, one-piece metallic casting, (2) an internal lubrication flow path wholly within the elongated body, and (3) threaded apertures formed directly in the casting–distinguished the prior art. The Examiner confirmed patentability of all claims, subject to amendments to a few of the claims in the ’674 and ’675 Patents. *See* D.I. 1 at Exs. 1-3.

On October 17, 2025, a third party requested the Pending Reexaminations for all four Asserted Patents based on newly identified references. Ex. 2, at 2-12; Ex. 3, at 2-12; Ex. 4, at 2-13; Ex. 5, at 2-10.[2] The USPTO ordered the reexamination of the ’755 Patent on November 25, 2025 and the reexaminations of the ’005, ’674 and ’675 Patents on January 16, 2026, and. Ex. 2, at 20-35; Ex. 3, at 21-34; Ex. 4, at 21-34; Ex. 5, at 19-30. The Pending Reexaminations encompass all claims of the ’005, ’674 and ’675 Patents and claims 12-18 of the ’755 Patent. *Id.*

During the Pending Reexaminations, Patent Owner filed petitions seeking discretionary denial of the reexaminations under § 325(d), and requested Director review, arguing that although the same references were not considered before, substantially the same arguments were presented in the Original Reexaminations and in a third-party pre-issuance submission that had been filed during prosecution of the application that matured into the ’755 Patent. Ex. 2, at 13-19; Ex. 3, at 13-20; Ex. 4, at 14-20; Ex. 5, at 11-18. The Office acknowledged and dismissed the § 325(d) arguments when the Pending Reexaminations were ordered. Ex. 2, at 20-35; Ex. 3, at 21-34; Ex. 4, at 21-34; Ex. 5, at 19-30.

The Patent Owner petitioned the Director to reconsider the decision to order the Pending Reexaminations based on § 325(d). Ex. 2, at 36-45; Ex. 3, at 35-44; Ex. 4, at 35-44; Ex. 5, at 31-

---

[2] Exhibits 2-5 are excerpted file histories from the Pending Reexaminations. Exhibit 2 (’005 Patent, Control No. 90/015,608), Exhibit 3 (’674 Patent, Control No. 90/015,609), Exhibit 4 (’675 Patent, Control No. 90/015,611), Exhibit 5 (’755 Patent, Control No. 90/015,612).

55. On September 8, 2026, the Office of Patent Legal Administration (OPLA) denied the § 325(d) petitions, noting that there has only been one previous post-grant proceeding against the patents. Ex. 2, at 46-54; Ex. 3, at 45-53; Ex. 4, at 45-53; Ex. 5, at 56-64.[3] In each decision, the OPLA found that the new prior art has "at least one teaching relevant to" an adaptor comprising the key limitations—the single, unitary, one-piece metallic casting and the internal lubrication flow path wholly within the elongated body—that were deemed to be missing from the prior art considered in the Original Reexaminations, and during prosecution of the application that became the '755 Patent. Ex. 2, at 46-54; Ex. 3, at 45-53; Ex. 4, at 45-53; Ex. 5, at 56-64. The Order granting reexamination for the '005 Patent also addressed the third limitation relied on by Patent Owner to distinguish the prior art in the Original Reexaminations, finding that the new art discloses threaded apertures formed directly in the casting. Specifically, the Office found that "[t]hree threaded holes" are provided in at least one of the prior art references and that at least one of the threaded apertures "is formed in the single metallic casting… for receiving at least one additional component… in a direct threaded engagement with the single metallic casting." Ex. 2, at 29.

## ARGUMENT

### I. Each Stay Factor Favors Granting the Stay.

Courts consider three factors when deciding whether to grant a stay pending PTO proceedings: (1) whether granting the stay will simplify the issues for trial; (2) whether discovery is complete, and a trial date has been set; and (3) whether a stay would cause the nonmovant to suffer undue prejudice from any delay, or present a clear tactical disadvantage to the non-moving party. *See TTI Consumer Power Tools, Inc. v. Lowe's Home Ctrs. LLC*, C.A. No. 22-673, 2022

---

[3] In the OPLA's decision for the '755 Patent, it noted that the current reexamination "is the first (and only) challenge to the '755 patent before the Office." Ex. 5, at 56-64 (emphasis in original).

WL 16739812, at *1 (D. Del. Nov. 7, 2022). Although not expressly extended to *ex parte* reexaminations, courts also weigh "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court" as an additional consideration when considering stays in cases co-pending with other types of post-grant proceedings. *Id.* (citation omitted). The three factors favor granting a stay here, and the additional burden-reduction consideration independently supports the same result.

**1. A Stay Will Simplify Issues for Trial**

The Pending Reexaminations will simplify this case. The USPTO's resolution of the Pending Reexaminations may cancel or amend claims, narrowing or eliminating issues for trial. If the USPTO finds claims unpatentable, there is no need to litigate those claims here. Even if claims remain, the Court and the parties will benefit from the USPTO's analysis of the key claim limitations and the resulting prosecution history. The Original Reexaminations already clarified the scope of the single, unitary, one-piece metallic casting, internal lubrication flow path, and threaded-aperture limitations; the Pending Reexaminations will likely further inform infringement and invalidity positions should the claims survive the Pending Reexaminations. Indeed, because the Pending Reexaminations encompass all claims of the '005, '674, and '675 Patents and claims 12-18 of the '755 Patent, "if all or some of the asserted claims are cancelled, this litigation would be simplified," and "if all or some of the asserted claims are modified, this could render much of the parties' and Court's resources wasted—if, for instance, the Court construes claim terms that are subsequently eliminated by amendment in the reexamination." *Sphere USA, LLC v. The Gillette Co. LLC*, C.A. No. 23-1093-CFC, D.I. 32, 3-4 (D. Del. Nov. 6, 2025) (Ex. 6) (quoting *Cooper Notification, Inc. v. Twitter, Inc.*, C.A. No. 09–865–LPS, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010)).

Here, the Pending Reexaminations are based on newly identified prior art that directly addresses claim limitations, including 1) a single unitary, one-piece metallic casting, 2) an internal lubrication flow path wholly within the elongated body, and 3) threaded apertures formed directly in the casting, that Patent Owner characterized and relied on to distinguish the claims over the prior art in the Original Reexaminations. The requests therefore present new issues that could not have been raised in the same form during the Original Reexaminations. *See Sphere*, Ex. 6 at 2 (maintaining stay pending new *ex parte* reexaminations that accused infringer asserted were "necessary to consider 'new prior art' based on claim construction positions [the patentee] first took during the earlier reexamination"); *cf. MG Freesites, Ltd. v. ScorpCast, LLC,* C.A. No. 20-1012-MFK, 2022 WL 19409233, at *2 (D. Del. Oct. 5, 2022) (declining to extend a stay for *ex parte* reexaminations where the defendants had "offer[ed] no explanation, however, for *why* the references or combinations are 'newly identified,' let alone for why it could not have, with reasonable diligence, discovered them and filed sooner.").

The Pending Reexaminations therefore are not simply a repeat of the Original Reexaminations. The Examiner and the OPLA have already determined that the new prior art has at least one teaching relevant to those limitations that that were deemed to be "missing" from the prior art considered in the Original Reexaminations. Ex. 2, at 46-54; Ex. 3, at 45-53; Ex. 4, at 45-53; Ex. 5, at 56-64. The Orders granting reexamination likewise applied the new art to the third limitation, finding the new art discloses threaded apertures formed directly in the casting. Ex. 2, at 29. The second round therefore reaches ground the first did not.

Courts routinely recognize that reexamination proceedings simplify patent litigation. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to

facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding.)"); *Ever Win Int'l Corp. v. RadioShack Corp.*, 902 F. Supp. 2d 503, 505-506 (D. Del. 2012) ("Whatever outcome occurs, there is the potential for the simplification of issues for trial, either by reducing the number of claims at issue, confirming the validity of the surviving claims, or narrowing the scope of a modified claim.").

USPTO statistics support allowing the Pending Reexaminations to proceed. Claims are changed during third-party reexaminations 63.3% of the time. *Ex Parte Reexamination Filing Data*, U.S. PAT. & TRADEMARK OFF. 2 (Sep. 30, 2025), (https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf). Thus, even if the USPTO does not cancel the claims, the Pending Reexaminations are likely to affect the scope of the Asserted Patents and, consequently, the parties' substantive positions.

**2. The Case Remains in the Very Early Stages**

The Court has not held an initial scheduling conference and has not issued a scheduling order. Discovery has not commenced, and no trial date has been set. This action was just filed in August 2026 and remains in the earliest stages; this factor therefore strongly favors granting a stay. In *Sphere*, the Court found that the second factor favored continuing a stay where there had been no discovery and no scheduling order, explaining that continuing the "stay at this early stage will advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their resources addressing invalid claims." *Sphere*, Ex. 6, at 4 (quoting *TTI*, 2022 WL 16739812, at *2).

**3. Plaintiffs Will Not Suffer Undue Prejudice from a Stay**

Plaintiffs will not suffer undue prejudice from a stay, particularly given the early stage of this action and the limited period needed for the USPTO to resolve the Pending Reexaminations.

Delaware courts consider four sub-factors when determining whether undue prejudice exists: "(1) the timing of the request for reexamination; (2) the timing of the request for stay; (3) the status of reexamination proceedings; and (4) the relationship of the parties." *Ever Win*, 902 F. Supp. 2d at 508; *see also Sphere*, Ex. 6, at 4 (citing *TC Tech. LLC v. Sprint Corp.*, C.A. No. 16-153-WCB, 2021 WL 4521045, at *8 (D. Del. Oct. 4, 2021)).

A third party requested the Pending Reexaminations in October 2025—ten months before Dorman filed this suit, and Tenneco is moving for a stay just two months after Dorman filed the case. Any delay is therefore minimal in practical terms, and a stay will allow the parties to avoid incurring costs on issues that the USPTO may narrow or eliminate. Thus, the first two subfactors weigh in favor of granting the stay. "[M]ere delay[s]" caused by a stay do not alone "demonstrate undue prejudice." *WAG Acquisition LLC v. Flying Crocodile, Inc.*, No. 2:19-CV-1278-BJR, 2021 WL 6693829, at *3 (W.D. Wash. Dec. 28, 2021) (citation omitted). The limited delay associated with resolving the Pending Reexaminations is outweighed by the potential to reduce duplicative discovery, motion practice and trial preparation.

The USPTO granted the requests for Pending Reexaminations and OPLA denied Patent Owner's petitions to terminate under § 325(d), finding that the new references addressed limitations previously missing from the prior art and were not cumulative under § 325(d). Ex. 2, at 46-54; Ex. 3, at 45-53; Ex. 4, at 45-53; Ex. 5, at 56-64. Thus, the Pending Reexaminations have been ordered and are proceeding, and this sub-factor favors granting the stay.

Courts grant stays even between direct competitors, where, as here, the case is in its early stages and the reexamination may narrow the issues for trial. *Generac Power Systems Inc. v. Kohler Co.*, 807 F. Supp. 2d 791, 805-806 (E.D. Wis. 2011) (granting a stay in a case involving direct competitors because there was no evidence of price erosion or lost market share, money

damages would be an adequate remedy for any competitive harm, and the competitor had filed its reexamination request and motion to stay in a timely manner). A patentee's generalized interest in prompt enforcement "is present in every case in which a patentee resists a stay, and it is therefore insufficient, standing alone, to defeat a stay motion." *Sphere*, Ex. 6, at 5 (quoting *TC Tech.*, 2021 WL 4521045, at *9). Dorman first accused Tenneco of infringement by letter in March 2026 and waited nearly five months before filing suit in August 2026, which undercuts any claim that a stay will inflict urgent competitive harm. Dorman has not sought a preliminary injunction, supporting the inference that money damages are an adequate remedy. Moreover, in another case filed by Plaintiffs, the court granted a stay pending the Original Reexaminations noting that there was "no indication that Plaintiff, if ultimately successful, cannot be adequately made whole by money damages." *RB Distribution, Inc. v. Skyward Automotive Products*, No. 2:23-cv-01068, 2024 WL 1533524, at *2 (D. Ariz. Apr. 9, 2024).[4] The sub factors all weigh toward granting a stay.

Nor is the requested stay a tactical device. The Pending Reexaminations were requested by an unrelated third party, not by Tenneco, after the Original Reexaminations had concluded and after the USPTO confirmed patentability of the claims—Tenneco therefore could not have timed the Pending Reexaminations for tactical advantage in this action. The new requests identify prior art directed to the interpretation of the claim limitations Patent Owner relied on during the Original Reexaminations and raise substantial new questions of patentability as indicated by the USPTO

---

[4] The Court subsequently denied defendants request to stay pending the Pending Reexaminations. *RB Distribution, Inc. v. Skyward Automotive Products,* No. 2:23-cv-01068, D.I. 148 (D. Ariz. June 17, 2026) (Ex. 7). That case is distinguishable because fact discovery was set to close within approximately three months, and defendants failed to identify a timeline for the stay. Here, however, fact discovery has not yet started, and Defendants are requesting a stay only until final resolution of the Pending Reexaminations.

when it ordered the Pending Reexaminations. Staying this action while the USPTO addresses those questions will place the parties on a clearer and more efficient path.

#### 4. A Stay Will Reduce the Burden of Litigation on the Parties and on the Court

Allowing the USPTO to resolve the substantial new questions of patentability presented by the Pending Reexaminations will avoid unnecessary parallel litigation. If claims are cancelled or amended, the parties can tailor infringement, invalidity and claim construction positions to the claims that remain, and the Court can avoid expending resources on issues that may not survive reexamination. *Sphere* likewise held that, for the same reasons underlying the first and second factors, staying the case pending *ex parte* reexaminations reduces the burden on the Court. *Sphere*, Ex. 6, at 6.

Other courts have stayed patent cases pending a second *ex parte* reexamination, finding no undue prejudice where the stay would conserve resources. *See Nautilus, Inc. v. ICON Health & Fitness, Inc.*, No. 1:17-cv-00154-DN, 2019 WL 586671, at *2–4 (D. Utah Feb. 13, 2019) (denying patentee's motion to lift a stay after the original *ex parte* reexamination proceedings had concluded when the accused infringer had filed new *ex parte* reexaminations); *Sphere*, Ex. 6. Likewise, this Court should grant Tenneco's motion and stay this action.

## II. A Stay Is Within This Court's Discretion.

It is within the "district court's discretion" to decide "whether to grant a stay … since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros., Inc. v. Travelers Indem. Co.,* 760 F.2d 58, 60 (3d Cir. 1985); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings,… including the authority to order a stay pending conclusion of a PTO reexamination.") (citation omitted).

The stay Tenneco seeks is subject to meaningful limits. When filing an *ex parte* reexamination, the filing party must show that there is a "substantial new question of patentability." "The 'substantial new question of patentability' requirement prevents potential harassment of patentees by 'acting to bar reconsideration of any argument already decided by the PTO, whether during the original examination or an earlier reexamination.'" *In re Swanson*, 540 F.3d 1368, 1375 (Fed. Cir. 2008) (citation omitted). *Sphere* rejected the same "specter of serial *ex parte* reexaminations interminably delaying litigation" argument by relying on the substantial-new-question bar. *Sphere*, Ex. 6, at 4.

The OPLA has already considered and rejected the contention that the '005, '674,'675, and '755 proceedings reflect abusive or serial filing. In declining to exercise discretion under § 325(d), the OPLA found "only a single previous post-grant proceeding" against each of the '005, '674, and '675 Patents and "no previous finding of abusive filing practices" by the requester. Ex. 2, at 46-54; Ex. 3, at 45-53; Ex. 4, at 45-53.[5] The OPLA further explained that "whether co-pending litigation involving the [Asserted] patent[s] is stayed as a result of the present reexamination is a determination the district court would make, not the Office under § 325(d)." Ex. 2, at 46-54; Ex. 3, at 45-53; Ex. 4, at 45-53; Ex. 5, at 56-64.

The Original Reexaminations concluded with confirmation of patentability, but the Pending Reexaminations present different prior art that discloses the key limitations Patent Owner used to distinguish the prior art in the Original Reexaminations. The USPTO's ultimate resolution of the Pending Reexaminations will determine whether and how those issues affect this case.

---

[5] Likewise, in the '755 reexamination proceeding, the OPLA noted that the current reexamination proceeding is "the first (and only) challenge to the '755 patent before the Office" and noted that "patent owner has pointed to no prior post grant proceedings before the Office involving the '755 patent." Ex. 5, at 56-64 (emphasis in original).

## III. The Stay Should Extend Until Final Resolution of the Pending Reexaminations

Tenneco seeks a stay pending final resolution of the Pending Reexaminations including appeals, not an indefinite stay. The request is especially appropriate because this action was filed only on August 10, 2026, and the Pending Reexaminations may materially change the claims and issues. A stay will avoid duplicative litigation while preserving the Court's ability to resume the case once the Pending Reexaminations conclude.

A stay tied to the final resolution of the specifically identified Pending Reexaminations has a defined endpoint—the conclusion of those proceedings—rather than an indefinite duration. In *Sphere*, the Court maintained the stay pending the "completion" of the new *ex parte* reexaminations. *Sphere*, Ex. 6, at 5. And the *Sphere* Court also noted that it granted a stay pending the original reexaminations, including any appeals. *Id.*, at 1. That approach supports Tenneco's request for a stay tied to the final resolution of the Pending Reexaminations rather than an indefinite stay. Once those proceedings conclude, the Court can resume this action with the benefit of the USPTO's determinations. Reexamination routinely eliminates or narrows issues for trial. *Ever Win*, 902 F. Supp. 2d at 506 ("Even if no claims are cancelled, it is more likely than not that one or more of those claims will be narrowed.").

The Pending Reexaminations are new proceedings requested after the Original Reexaminations, rely on new prior art, and raise substantial new questions concerning claim limitations that Patent Owner previously relied on to distinguish the prior art. Tenneco therefore asks the Court to stay this action until final resolution of the Pending Reexaminations.

## CONCLUSION

For the foregoing reasons, Tenneco respectfully requests that the Court enter an order staying this action until final resolution of the Pending Reexaminations.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

______________________________

Andrew C. Mayo (#5207)
John G. Day (#2403)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
jday@ashbygeddes.com

*Attorneys for Defendants*

*Of Counsel*:

David M. Maiorana
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
dmaiorana@jonesday.com

Gregory A. Castanias
Yury Kalish
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
(202) 879-3939
gcastanias@jonesday.com
ykalish@jonesday.com

Geoffrey K. Gavin
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
(404) 521-3939
ggavin@jonesday.com

Dated: October 6, 2026